UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SONIA R. LUCKETT,<br><br>        Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | No. CV 06-3857 FFM<br><br>MEMORANDUM DECISION AND ORDER |

      Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration denying her applications for Disability Insurance Benefits and Supplemental Security Income. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. Pursuant to the case management order entered on June 28, 2006, the parties filed a Joint Stipulation detailing each party's arguments and authorities on March 14, 2007. The Court has reviewed the administrative record ("AR"), filed by defendant on January 4, 2007, and the Joint Stipulation. For the reasons stated below, the decision of the Commissioner is reversed and remanded for further proceedings.

/ / /

/ / /

/ / /

## PROCEDURAL HISTORY

On December 29, 2003, plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income. She alleged a disability onset of March 7, 2003. Plaintiff's claims were denied initially and a request for a hearing before an administrative law judge ("ALJ") was timely filed. ALJ Edward P. Schneeberger held a hearing on November 7, 2005. Plaintiff appeared with counsel and testified at the hearing. On January 31, 2006, the ALJ issued a decision denying benefits. Plaintiff sought review of this decision before the Appeals Council, who denied the request for review on April 28, 2006.

Plaintiff commenced the instant action on June 26, 2006.

## CONTENTIONS

Plaintiff raises three issues in this action:

1. Whether the ALJ properly evaluated plaintiff's testimony;
2. Whether the ALJ properly evaluated plaintiff's residual functional capacity; and
3. Whether the ALJ properly evaluated the treating physician's opinion.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as

well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 929-30 (9th Cir. 1986). Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

Plaintiff argues that the ALJ failed to properly evaluate plaintiff's headaches in assessing her residual functional capacity. (Joint Stipulation at 14). She contends that the ALJ failed to consider the testimony of the medical expert, Dr. Joseph Jensen, regarding plaintiff's headaches. (Joint Stipulation at 15).

In assessing plaintiff's residual functional capacity, the ALJ relied on Dr. Jensen's opinion. (AR 14-15). In particular, the ALJ found no limitations arising from plaintiff's alleged headaches based on Dr. Jensen's testimony that plaintiff's headaches were not "cervical in causation." (AR 15). The ALJ, however, erred by mischaracterizing Dr. Jensen's testimony. *See Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) (reversible error for an ALJ to paraphrase misleadingly the evidence in the record).

At the hearing, plaintiff attested to suffering from "migraine" headaches arising from her neck pain. (AR 248). Plaintiff asserted that the headaches occur on a weekly basis, which causes her, at times, to be bedridden. (AR 248-49). Thereafter, the following colloquy between plaintiff's counsel and Dr. Jensen ensued:

> [Plaintiff's counsel]: [T]here are . . . many indicates about [plaintiff's] headaches. And I noted that you did not refer to that in setting forth your opinions about her limitations. Have you taken that into account?
>
> [Dr. Jensen]: Not really. First of all, she describes migraine headaches which, in my understanding, are a little different from a cervical originating headache, that is from the cervical nerves. In other

  words, a migraine is essentially a vascular problem . . . within the head itself, the cranial contents.

  [Plaintiff's counsel]: Okay. Well, perhaps migraine may not be the proper name for it. Maybe people just use it because they need a term to try to identify it, but in terms of the headaches though, the record appears to suggest that she has had headaches for a prolonged period of time that has impacted her as she has described, at least a couple of times a week.

  [Dr. Jensen]: Yes. I did see that.

  [Plaintiff's Counsel]: And anything to indicate that is not correct?

  [Dr. Jensen]: No, there is none.

(AR 264).

  Contrary to the ALJ's finding, Dr. Jensen agreed that nothing in the record contradicts plaintiff's account of headaches. (AR 264). Dr. Jensen did not take into account plaintiff's headaches in assessing her functional limitations because she had described the headaches as "migraines," which suggested that the headaches were not "cervical in creation." (AR 264). However, after plaintiff's counsel acknowledged that plaintiff may have misnamed the type of headaches she experiences, Dr. Jensen agreed that the record did not contradict plaintiff's history of headaches, which she alleges affected her functional abilities. (AR 264). Although the ALJ purportedly relied on Dr. Jensen's opinion in assessing plaintiff's limitations, the ALJ failed to consider the portion of Dr. Jensen's testimony concerning plaintiff's headaches. This failure cannot be considered harmless error, given that Dr. Jensen's testimony – agreeing with plaintiff's counsel's statement that "the record appears to suggest that she has had headaches for a prolonged period of time that has *impacted her as she has described*" – corroborates the claim that plaintiff's limitations from her headaches are severe. *See Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) ("An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on [a claimant's] ability to

4

work.'") (citing Social Security Ruling 85-28 and *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988)); *see also Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001) (the "severity" requirement is merely "a de minimis screening device to dispose of groundless claims") (citing *Smolen*, 80 F.3d at 1290).  Moreover, when assessing a claimant's residual functional capacity, an ALJ must "consider the limiting effects of all of [the claimant's] impairment(s), even those that are not severe." 20 C.F.R. § 416.945(e).

The ALJ must examine Dr. Jensen's *whole* testimony and explain what weight, if any, he gives such opinion.  The Court notes, however, that after acknowledging the evidence of plaintiff's headaches, Dr. Jensen did not render a reassessment of plaintiff's functional limitations.  The ALJ should further develop the record to explore limitations arising from all of plaintiff's impairments, including her headaches.  *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.").

For the foregoing reasons, the judgement of the Commissioner is reversed and the matter is remanded pursuant to sentence 4 of 42 U.S.C. § 405(g) for further proceedings.[1]

IT IS SO ORDERED.


DATED: February 13, 2008            /S/ Frederick F. Mumm
                                    FREDERICK F. MUMM
                                    United States Magistrate Judge

---

[1] As the Court determines that remand is required on this basis alone, the Court will not address plaintiff's alternative arguments.